UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CYNTHIA M. HALL,<br>        Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 4:24-CV-12-JEM |
| CAROLYN W. COLVIN, Acting<br>Commissioner of the Social Security<br>Administration[1], | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Cynthia Hall on February 6, 2024, and Plaintiff's Opening Brief [DE 15], filed July 15, 2024. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On October 18, 2024, the Commissioner filed a response, and Plaintiff filed a reply on November 8, 2024.

**I.      Background**

On November 20, 2020, Plaintiff filed an application for benefits alleging that she became disabled on November 20, 2020, later amended to May 28, 2020. Plaintiff's application was denied initially and upon consideration. On May 16, 2023, Administrative Law Judge ("ALJ") Patricia Carey held a telephonic hearing at which Plaintiff, along with an attorney, and a vocational expert ("VE"), testified. On July 13, 2023, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on November 30, 2024. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn Colvin should be substituted for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.

2. The claimant has not engaged in substantial gainful activity since November 20, 2020, the alleged onset date.

3. The claimant has the following severe impairment: lumbar spondylosis.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform medium work except she can frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, and can frequently balance, stoop defined as pending at the waist, kneel, crouch defined as bending at the knees, or crawl.

6. The claimant is capable of performing past relevant work as a machine operator II and material handler. This work does not require the performance of work-related activities precluded by the claimant's RFC.

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 20, 2020, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 24]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.   Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will

2

reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

### III. Analysis

Plaintiff argues that the ALJ erred in the evaluation of medical opinion evidence and determination of her RFC. The Commissioner argues that the opinion is supported by substantial evidence.

In particular, Plaintiff argues that the ALJ improperly relied on old opinions of agency reviewers and rejected the opinion of Plaintiff's treating orthopedic surgery. Plaintiff had shoulder surgery January 31, 2023, and her physician completed forms indicating that Plaintiff had no use of the left upper extremity. The ALJ found the statement "only partially persuasive, as it appears to be a note for temporary inability to work." AR 36. The ALJ also mentioned the doctor's May 2023 note restricting Plaintiff to modified work duty, a fifteen-pound weight limit, and no heavy lifting or overhead activities until it had been at least 4-6 months since the surgery. At the hearing in May, Plaintiff testified that she had not been released to work after her surgery. The VE testified that someone with Plaintiff's RFC who also could not use their left non-dominant upper extremity would not be able to perform her past work or the other jobs that were identified.

3

Plaintiff argues that the ALJ erroneously came to a medical conclusion that Plaintiff is able to lift 50 pounds without the benefit of a medical professional's opinion. The ALJ explained that she found a reviewing examination from March 2022 (Ex. 3A) to be persuasive, adding a few postural limitations to that finding in the RFC. She explained that she found a consulting examination to be less persuasive because of perceived internal inconsistencies, and concluded that Plaintiff's subsequent surgery did not lead to any permanent limitations, without any medical opinion regarding whether that is accurate. It appears, then, that the ALJ's assessment of Plaintiff's RFC is based almost entirely on the March 2022 evaluation of a state agency reviewer. The Commissioner argues that the ALJ reasonably found that any restriction from the surgery was temporary, since it was healing well, and the physician's notes do not include any analysis of Plaintiff's abilities over a continuous twelve-month period. Therefore, the Commissioner argues, it was not erroneous for the ALJ to discount those restrictions in the RFC determination. However, the statement that something is healing well does not mean that it does not come with limitations, and there is no medical opinion regarding continuing limitations.

"ALJs are not qualified to evaluate medical records themselves, but must rely on expert opinions." *Moreno v. Berryhill*, 882 F.3d 722, 729 (7th Cir. 2018) (citing *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (remanding because the ALJ improperly "played doctor"); *see also Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) ("ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves."); *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) ("The ALJ here was not qualified or authorized to determine that Stage's need for a hip replacement would not have affected her supposed ability to stand and walk for six hours a day, upon which the ALJ's denial of benefits depended."). In this

case, the ALJ concluded, without the benefit of medical evidence, that the limitations described by Plaintiff's treating surgeon were all short-lived. There is no subsequent medical analysis regarding what long-term limitations could be expected from the surgery. The ALJ based her entire RFC finding on a single state agency reviewer's assessment, discounting the opinion of every subsequent examining and treating provider, despite the surgery that came with substantial short-term limitations at the very least, and continued medical treatment for her stomach problems, cirrhosis of the liver, and heart problems. "It is well-established that ALJs may not rely on a state agency consultant's assessment if later evidence 'reasonably could have changed' the opinion." *Baptist v. Kijakazi*, 74 F.4th 437, 442 (7th Cir. 2023), reh'g denied, No. 22-2281, 2023 WL 6294252 (7th Cir. Sept. 27, 2023) (quoting *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018)) (citing *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016); *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)).

Plaintiff points out that if Plaintiff were limited to light work, it would lead to a conclusion that Plaintiff is disabled. Appendix 2 to Subpart P of 20 C.F.R. 404 §202(c) ("for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled"). The only difference between light and medium exertional work is the lifting requirements: "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," while "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting

or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b), (c). Given that the ALJ's RFC determination is predicated on a several-year-old report of a medical reviewer, with no review of medical records from Plaintiff's subsequent treatments and surgery, and discounts the opinion of a consulting examiner who found additional limitations and that of the treating surgeon who laid out lifting and carrying limitations of significantly less than even 25 pounds, the Court cannot conclude that there is a logical bridge reaching from substantial evidence to the ultimate RFC findings.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 15] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 27th day of December, 2024.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record